UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY McWILLIAMS,

    Petitioner,

v.

PAUL KLEE,

    Respondent.

_____/

CASE NO. 2:11-14896
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS**

Jeffrey McWilliams, ("petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree retail fraud, M.C.L.A. 750.356c; attempted larceny in a building, M.C.L.A. 750.360; and being a third felony habitual offender, M.C.L.A. 769.11. For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE.

## I. BACKGROUND

Petitioner was originally charged with unarmed robbery and being a fourth felony habitual offender for an offense that took place in Jackson, Michigan on November 6, 2009. The testimony from the preliminary examination established that petitioner went into a Meijer's store in Jackson, Michigan and switched some price tags on two air purifiers. Petitioner went to the cash register and purchased the items at a reduced price. Petitioner was confronted by a store

1

loss prevention officer about the switched price tags. Petitioner struggled with the officer, who let petitioner go when he raised his hand to hit her. Petitioner left the store but was arrested by a Michigan State Trooper shortly afterward. Petitioner admitted to the Michigan State Trooper that he had been running away from the loss prevention officer.

On March 29, 2010, petitioner pleaded guilty to reduced charges of first-degree retail fraud and attempted larceny in a building. In exchange for this plea, the Jackson County Prosecutor agreed to dismiss the unarmed robbery charge. The prosecutor further agreed that petitioner should be sentenced as a third felony habitual offender, rather than as a fourth felony habitual offender. (Tr. 3/29/2010, pp. 3-7).[1] The judge advised petitioner about the maximum penalties for the crimes that he was pleading guilty to and the rights to a trial that he would waive by pleading guilty. Petitioner indicated that he understood these rights and was pleading guilty freely and voluntarily. (*Id.*, pp. 7-10). Petitioner made out a factual basis for the plea. (*Id.*, pp. 10-13).

Petitioner was sentenced on May 13, 2010. Petitioner's counsel objected to the scoring of several of the Michigan Sentencing Guidelines variables. (Tr. 5/13/2010, pp. 3-8). Defense counsel further advised the trial judge that at the time of the guilty plea, he had scored petitioner at F-3 on the Michigan Sentencing Guidelines grid, as opposed to F-4, because counsel had failed to score 15 points under Offense Variable 19 of the Sentencing Guidelines. Both the judge and counsel agreed that this would not change petitioner's minimum sentence, but counsel indicated that he wanted to put on the record that he had mistakenly advised petitioner that Offense

---

[1] There are two different transcripts from March 29, 2010. The plea transcript can be found at this Court's docket entry # 6-5.

2

Variable 19 would not be scored. (*Id.* at pp. 8-9). At this point, the judge asked: "Does he want to withdraw his plea based on that and go for trial on the unarmed robbery and the other charges?" Petitioner responded that he "was ready to pay the price on this." (*Id.*, p. 9). Petitioner was sentenced to concurrent sentences of 4-10 years on the first-degree retail fraud conviction and 2-4 years on the attempted larceny from a building conviction. (*Id.*, p. 14).

Petitioner subsequently moved to withdraw his guilty plea, which the trial judge denied. *People v. McWilliams,* No. 09-006224-FH (Jackson County Circuit Court, November 9, 2010).

Petitioner's conviction and sentence were affirmed on appeal. *People v. McWilliams,* No. 301504 (Mich.Ct.App. March 3, 2011); *reconsideration den.* No. 301504 (Mich.Ct.App. April 15, 2011); *lv. den.* 489 Mich. 994; 800 N.W. 2d 92 (2011); *reconsideration den.* 490 Mich. 896; 804 N.W. 2d 731 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. State [was] without authority in [the] 1rst place, as the (only-arraigned) charge inapplicable/improper (NO LARCENY) and coerced plea.

II. Guilty plea coerced by judge mis-informing [petitioner] multiple-charges were faced if petitioner withdrew his plea (if trial).

III. Violation of DOUBLE JEOPARDY, multiple punishments for a single offense of price-tag-switching.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*,

541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

In the present case, the Michigan Court of Appeals denied petitioner's application for leave to appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington,* 131 S. Ct. at 784. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, " it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 785. In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order. *See Hardaway v. Robinson,* 655 F.3d 445, 447, 449 n. 1 (6th Cir. 2011)(relying on *Harrington* in stating that § 2254(d) applies when "[t]he Michigan Court of Appeals upheld the district court's ruling in an order stating, 'the delayed application for leave to appeal is denied, for lack of merit in the grounds presented'" and "[t]he Michigan Supreme Court, also in a one-sentence order, declined review").

## III. DISCUSSION

The Court will discuss petitioner's claims together for judicial economy. In his first claim, petitioner alleges that it was improper for the prosecutor to charge him with unarmed robbery, because his act of switching price tags does not constitute larceny under Michigan law, a crucial element of the crime of unarmed robbery. Petitioner argues that because the prosecutor was without the authority to charge him with unarmed robbery, his plea of guilty to the reduced charges of first-degree retail fraud and attempted larceny from a building was coerced, involuntary, and illusory. In his second claim, petitioner contends that his plea was coerced because the judge misinformed him at sentencing that he would face multiple charges if he withdrew his guilty plea and went to trial. In his third claim, petitioner argues that his convictions for both first-degree retail fraud and attempted larceny in a building violate the Double Jeopardy Clause.

At the outset, petitioner has no federal constitutional right or absolute right under state law to withdraw his guilty plea. *See Adams v. Burt,* 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007)(internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005)(citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his

7

plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991); *Shanks*, 387 F. Supp. 2d at 749. The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *Shanks*, 387 F. Supp. 2d at 749. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *Id.*

      In the present case, petitioner was advised of the penalties for first-degree retail fraud, attempted larceny in a building, and being a third felony habitual offender. Petitioner informed the judge that he understood the penalties for the crimes and was pleading guilty to these offenses freely and voluntarily.

      Petitioner contends that because there was no basis under Michigan law to charge him with unarmed robbery, in that his act of switching the price tags did not amount to larceny, his plea to the reduced charges of first-degree retail fraud and attempted larceny in a building was illusory and involuntary.

      A plea agreement is entered into involuntarily and unknowingly if the defendant is

unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994). However, a plea bargain is not illusory even where a charge dropped in exchange for the plea bargain is later discovered to have lacked an adequate foundation or sufficient evidence. *See United States v. Quisenberry*, 198 F.3d 248 (Table); No. 98-3618, 1999 WL 1073659, at * 6 (6th Cir. November 17, 1999)(*citing People v. Marsh*, 679 P.2d 1033 (Cal.1984)). *See also U.S. v. Morgan,* 958 F.2d 847, 849 (8th Cir. 1992)(fact that two of the seven counts against defendant were invalidated because defendant's conduct was determined not to violate the relevant statutes did not entitle defendant to withdraw his entire guilty plea). Moreover, "[A] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady v. U.S.*, 397 U.S. 742, 757 (1970). Thus, the mere fact that there may have been insufficient evidence to support the original unarmed robbery charge would not render petitioner's plea involuntary.

In addition, petitioner has failed to show that his plea was illusory, even if the unarmed robbery charge was improper, because petitioner received a real benefit for pleading guilty. Petitioner appears to acknowledge that it was proper to charge him with first-degree retail fraud, which carries up to five years in prison. Petitioner was also charged with being a fourth felony habitual offender. Under M.C.L.A. 769.12(1)(a), a fourth felony habitual offender can be sentenced to up to life in prison if his current felony carries a maximum sentence of five or more

years in prison. Petitioner therefore faced up to life in prison if convicted of first-degree retail fraud and being a fourth felony habitual offender. In the present case, the prosecutor not only offered to dismiss the unarmed robbery charge in exchange for petitioner's plea, he also agreed to allow petitioner to plead guilty to being a third felony habitual offender. Under M.C.L.A. 769.11(1)(a), a third felony habitual offender who is convicted of an offense that carries less than life in prison can be sentenced to up to a maximum sentence that is not more than twice the maximum term of the underlying offense. The plea agreement in this case thus reduced petitioner's maximum exposure from life imprisonment to ten years. The plea agreement also lead to the sentencing guidelines range for the minimum sentence being reduced from 50-150 months to 19-57 months. [2] Because petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he is therefore not entitled to habeas relief on his first claim. *See McAdoo v. Elo,* 365 F.3d 487, 498 (6th Cir. 2004).

In his second claim, petitioner contends that he was coerced into pleading guilty when the judge misinformed him at sentencing that if petitioner wanted to withdraw his plea, petitioner would go to trial on the unarmed robbery charge as well as the other charges. Any improper remarks by the judge at sentencing concerning whether petitioner would face additional charges if he withdrew his guilty plea were harmless and would not entitle petitioner to relief, because the statements could have had no effect on petitioner's plea, which had already been entered. *See U.S. v. Lewis,* 243 F. App'x. 757, 758 (4th Cir. 2007)(any improper comments

---

[2] Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)). The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(citing M.C.L.A. 769.8).

by the district court during hearing on defendant's motion to withdraw guilty plea and at sentencing did not affect defendant's substantial rights and were harmless, where statements could have had no effect on defendant's plea, which had already been entered). Petitioner is not entitled to habeas relief on his second claim.

Petitioner finally claims that his guilty pleas for both first-degree retail fraud and attempted larceny in a building violate the Double Jeopardy Clause's prohibition on imposing multiple punishments for the same offense.

Respondent contends that petitioner's double jeopardy claim is waived by his plea of guilty.

Where a criminal defendant pleads guilty, it is "an admission that he committed the crime charged against him," rather than simply "a confession which admits that the accused did various acts." *United States v. Broce*, 488 U.S. 563, 570 (1989)(internal quotations and internal citations omitted). Because of this legal effect of a guilty plea, "a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede[s] that he had committed two separate crimes." *Id.* A defendant's guilty plea waives his double jeopardy claim even if the defendant is unaware of the claim at the time of the plea. *Id.* at 572-73. Thus, "[I]n the context of a plea bargain or guilty plea, it is quite clear that double jeopardy is subject to intelligent and voluntary waiver." *U.S. v. Branham*, 97 F.3d 835, 842 (6th Cir. 1996). Petitioner chose to plead guilty to the first-degree retail fraud and the attempted larceny in a building charges, in order to avail himself of the plea bargain. By pleading guilty, petitioner has waived the right to bring a double jeopardy challenge. Petitioner is not entitled to habeas relief on his third claim.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a

11

certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

IV.    **CONCLUSION**

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 8-9-12