## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEFFREY McWILLIAMS,

      Petitioner,

v.

PAUL KLEE,

      Respondent.

CASE NO. 2:11-14896
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

_____/

## OPINION AND ORDER DENYING THE MOTION FOR REHEARING

On August 9, 2012, this Court denied petitioner's application for writ of habeas corpus and also denied petitioner a certificate of appealability and leave to appeal in forma pauperis. *McWilliams v. Klee*, U.S.D.C. No. 2:11-CV-114896; 2012 WL 3263853 (E.D. Mich. August 9, 2012). Petitioner has now filed a motion for rehearing pursuant to Fed. R. Civ. P. 59. For the reasons stated below, the motion is **DENIED.**

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. In order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is

1

considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

In his motion for rehearing, petitioner claims that this Court overlooked or failed to properly address his first claim, in which petitioner alleged the following.

> I. State [was] without authority in [the] 1rst place, as the (only-arraigned) charge inapplicable/improper (NO LARCENY) and coerced plea.

In his first claim, petitioner alleged that it was improper for the prosecutor to charge him with unarmed robbery, because his act of switching price tags did not constitute larceny under Michigan law, a crucial element of the crime of unarmed robbery. Petitioner argued that because the prosecutor was without the authority to charge him with unarmed robbery, his plea of guilty to the reduced charges of first-degree retail fraud and attempted larceny from a building was coerced, involuntary, and illusory. This Court found, for reasons stated in greater detail in the opinion and order denying petitioner relief, that the plea bargain was not illusory and hence petitioner's plea was not involuntary, because petitioner received a real benefit for entering his plea.

In his motion for rehearing, petitioner contends that this Court, in analyzing and adjudicating petitioner's claim, ignored the main import of his claim, namely, that he was denied due process because the State of Michigan was without authority to prosecute petitioner for unarmed robbery in that his act of switching the price tags did not amount to a larceny. Petitioner claims that his coerced plea claim was merely raised as a "secondary issue" within his primary claim that the State of Michigan did not have jurisdiction to charge him with unarmed

2

robbery.

Petitioner is not entitled to a rehearing on his petition for two reasons. First, although petitioner now claims that he raised the coerced or illusory plea claim as an issue that was subordinate to his claim that the State of Michigan was without authority to charge him with the crime of unarmed robbery, petitioner's habeas petition and the affidavit that he attached to his petition focused on arguments that his plea was involuntary because there was insufficient evidence to support the original unarmed robbery charge that was dismissed in exchange for petitioner's plea. There was little, if any, argument contained in petitioner's initial habeas application to put this Court on notice that petitioner was raising a claim that the State of Michigan lacked the authority to charge him with unarmed robbery. Although petitioner in his reply brief raised a claim that the State of Michigan was without authority to charge him with unarmed robbery, a traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). "[A] court cannot consider new issues raised in a traverse or reply to the State's answer." *Id.* To the extent that this claim was presented for the first time in petitioner's reply brief, rather than in his original habeas petition, the claim was not properly before this Court. *See Murphy v. Ohio,* 551 F.3d 485, 502 (6th Cir. 2009); *See also Tyler v. Mitchell,* 416 F.3d 500, 504 (6th Cir. 2005).

Secondly, even if this Court were to now consider petitioner's due process claim, it would not entitle petitioner to habeas relief. Petitioner essentially argues that because there was insufficient evidence to charge him with unarmed robbery, the State of Michigan lacked jurisdiction over his case. The determination of whether a state court is vested with jurisdiction

3

under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir. 1976); *See also Daniel v. McQuiggin,* 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin,* 27 Fed. App'x. 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. App'x. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Additionally, an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). By pleading guilty, petitioner has waived his right to challenge the sufficiency of the evidence to convict him of these charges. *See United States v. Manni,* 810 F.2d 80, 84 (6th Cir. 1987); *See also U.S. v. Hawkins,* 8 Fed. App'x. 332, 334 (6th Cir. 2001). Petitioner is not entitled to a rehearing on his first claim.

Accordingly, the motion for rehearing [Dkt. # 11] is **DENIED**.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT

DATED:_____10-9-12_____