UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY McWILLIAMS,

    Petitioner,

v.

    CASE NO. 2:11-14896
    HONORABLE PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

PAUL KLEE,

    Respondent.

_____/

## OPINION AND ORDER DENYING THE MOTION FOR A CERTIFICATE OF APPEALABILITY AND THE APPLICATION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

On August 9, 2012, this Court denied petitioner's application for writ of habeas corpus and also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *McWilliams v. Klee*, U.S.D.C. No. 2:11-CV-114896; 2012 WL 3263853 (E.D. Mich. August 9, 2012). On October 9, 2012, this Court denied petitioner's motion for rehearing. *McWilliams v. Klee*, U.S.D.C. No. 2:11-CV-114896; 2012 WL 4801518 (E.D. Mich. October 9, 2012). Petitioner has now filed a motion for a certificate of appealability from the Court's denial of the motion for rehearing and an application for leave to appeal *in forma pauperis*. For the reasons that follow, the Court will deny petitioner's motion for a certificate of appealability and will also deny petitioner leave to appeal *in forma pauperis*.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree

1

that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

A certificate of appealability is required to appeal the denial of a motion for rehearing or reconsideration in a habeas case. *See e.g. Amr v. U.S.*, 280 Fed. Appx. 480, 486 (6th Cir. 2008)(issue of whether district court abused its discretion in denying defendant's motion for reconsideration was not the issue he was granted authority to appeal by district court in certificate of appealability, thus rendering Court of Appeals without authority to reach the merits of claim challenging calculation of time period for filing motion for reconsideration). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for rehearing to be debatable.

The Court will also deny petitioner leave to appeal *in forma pauperis*, because any appeal from the denial of the motion for rehearing would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Accordingly, the Court **DENIES** the motion for a certificate of appealability [Dkt. # 15]. The Court further denies petitioner's application for leave to appeal *in forma pauperis*. [Dkt. # 16].

**SO ORDERED.**

DATED: 11-28-12

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

2